J-S70024-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL JOSEPH LIMOGES, JR., | : | |
| | : | |
| Appellant | : | No. 1644 EDA 2015 |

Appeal from the PCRA Order April 20, 2015,
Court of Common Pleas, Chester County,
Criminal Division at No. CP-15-CR-0000427-2011

BEFORE:  DONOHUE, LAZARUS and PLATT*, JJ.

MEMORANDUM BY DONOHUE, J.:                **FILED NOVEMBER 30, 2015**

Appellant, Michael Joseph Limoges, Jr. ("Limoges"), appeals from the order entered on April 20, 2015 by the Court of Common Pleas of Chester County, Criminal Division, dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

We summarize the relevant facts and procedural history of this case as follows.  On January 17, 2012, Limoges entered a negotiated guilty plea to robbery and criminal conspiracy.[1]  The trial court sentenced Limoges to the negotiated sentence of five to ten years of incarceration on the robbery charge followed by two years of probation for the criminal conspiracy charge.  Limoges did not file an appeal from the judgment of sentence.

---

[1]  18 Pa.C.S.A. §§ 3701(a)(1)(ii), 903(c).

*Retired Senior Judge assigned to the Superior Court.

On September 14, 2012, Limoges filed a pro se PCRA petition, his first. On September 28, 2012, the PCRA court appointed the Chester County Public Defender's Office to represent Limoges on his first PCRA petition. On November 21, 2012, Limoges' appointed counsel filed a petition for leave to withdraw as PCRA counsel pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). On January 30, 2013, the PCRA court filed a notice of intent to dismiss Limoges' first PCRA petition pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure and granted appointed counsel's petition for leave to withdraw. Limoges did not file a response to the Rule 907 notice. On March 5, 2013, the PCRA court formally dismissed Limoges' first PCRA petition. Limoges did not file an appeal following the dismissal of his first PCRA petition.

On November 7, 2014, Limoges filed his second PCRA petition, pro se. On February 3, 2015, the PCRA court filed a Rule 907 notice of intent to dismiss Limoges' second PCRA petition as untimely. On February 25, 2015, Limoges filed a motion for an extension of time to file a response to the Rule 907 notice, which the PCRA granted on March 3, 2015. Limoges, however, never filed a response to the Rule the 907 notice. On April 20, 2015, the PCRA court formally dismissed Limoges' second PCRA petition.

On May 18, 2015, Limoges filed a timely pro se notice of appeal. On June 3, 2015, the PCRA court ordered Limoges to file a concise statement of

the errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On June 22, 2015, Limoges filed his timely Rule 1925(b) statement.

On appeal, Limoges raises the following issues for our review:

> [1.] Did the PCRA [c]ourt err by dismissing [Limoges'] [s]econd PCRA [p]etition for a delay in filing, in violation of the Pa.R.Crim.P. Rule 908, without a hearing on the issue?
>
> [2.] Did the PCRA [c]ourt err by not appointing [Limoges] counsel when a hearing was required by Rule 908 of the Pennsylvania Rules of Criminal Procedure, in violation of Pa.R.Crim.P. Rule 904?
>
> [3.] Did the PCRA [c]ourt err by dismissing [Limoges'] PCRA petition for delay in filing when the petitioner after exercising due diligence filed his [s]econd PCRA petition after finding out about the decision made in **Alleyne v. United States**, within 60 days, thus satisfying the time exception stated in 42 Pa.C.S.A. [§] 9545(b)(1)?

Limoges' Brief at 3.

Prior to determining the merits of Limoges' claims, we must determine whether we have jurisdiction to decide his appeal. "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." **Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment became final, unless one of the three statutory exceptions apply:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely, and the petitioner has not pled and proven any exception, "'neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006)).

Limoges' instant PCRA petition is facially untimely and he does not contest this determination. Accordingly, we are without jurisdiction to decide Limoges' appeal unless he pled and proved one of the three timeliness exceptions of section 9545(b)(1). **See id.** Here, Limoges did not attempt to plead or prove any of the timeliness exceptions of section 9545(b)(1) in his PCRA petition. **See** PCRA Petition, 11/7/14; **see also**

PCRA Court Order, 2/3/15, at 2 n.1. Although Limoges does attempt to raise the timeliness exception of section 9545(b)(1)(iii) in his appellate brief, he raises this argument for the first time on appeal and therefore has waived it. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). As Limoges failed to plead and prove an exception under section 9545(b)(1), we are without jurisdiction to address the merits of his appeal.[2] **See Derrickson**, 923 A.2d at 468.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2015

---

[2]  Limoges argues that issues involving the legality of sentence are not waivable. This Court, however, has held that such claims do not overcome the timeliness requirements of the PCRA. **See Commonwealth v. Fowler**, 930 A.2d 586, 592 (Pa. Super. 2007) ("[A]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").